# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STACEY R. PARRISH,

      Plaintiff,

      v.

Civil Action 2:11-cv-52
JUDGE GREGORY L. FROST
Magistrate Judge E.A. Preston Deavers

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Stacey R. Parrish brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner of Social Security ("Commissioner"), in which the Commissioner found that she was not disabled and, therefore, not entitled to Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. § 1382c. This matter is before the United States Magistrate Judge for a report and recommendation on Defendant's Motion to Dismiss Untimely Complaint, or Alternatively, Motion for Summary Judgment. (ECF No. 9). For the reasons that follow, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion based upon Plaintiff's failure to timely-file her Complaint.

On November 4, 2009, an administrative law judge ("ALJ") denied Plaintiff's SSI application. On November 9, 2009, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final and appealable decision of the Commissioner. Plaintiff filed her Complaint for judicial review on January 18, 2011. (ECF No. 1.)

On March 21, 2011, Defendant filed the subject Motion to Dismiss. Defendant asserts

that Plaintiff's Complaint is untimely because it was due on January 13, 2011, but not filed until January 18, 2011. Plaintiff's counsel subsequently moved to withdraw based upon Plaintiff's disagreement with his advice to dismiss this case. (ECF No. 10.) The Court denied Plaintiff's counsel's motion to withdraw because he failed comply with Southern District of Ohio Local Civil Rule 83.4's requirement that "[a]ny motion to withdraw . . . be served upon the client and the certificate of service must so state . . . ." (May 26, 2011 Order, ECF No. 11 (citing S. D. Ohio Civ. R. 83.4(c)(2)).) To date, Plaintiff has not filed a memorandum in opposition to Defendant's Motion.

The undersigned agrees with Defendant that Plaintiff's Complaint was due on or before January 13, 2011. Pursuant to Section 405(g) of the Social Security Act, a claimant "may obtain a review of [a final] decision [of the Commissioner] by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Consistently, the implementing regulations provide that any such civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulations further provide that "the date of receipt of [the Appeals Council's] notice of denial of request for review shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*. Applying the foregoing statute and regulation to the instant case, Plaintiff is presumed to have received the November 9, 2010 denial notice on November 14, 2010. Thus, in order to comply with the sixty-day limitations period of Section 405(g), Plaintiff had to file her Complaint on or before January 13, 2011.

Plaintiff has not demonstrated that she is entitled to equitable tolling of the deadline for filing her Complaint. "Section 405(g) of the Social Security Act authorizes the Commissioner to toll the 60-day limitations period under appropriate circumstances." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (citing 42 U.S.C. § 405(g)). The *Cook* Court instructed that a court contemplating equitable tolling should consider the following factors:

> (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). Here, Plaintiff does not contend that she lacked notice of the filing requirements or otherwise advance any arguments in opposition to Plaintiff's Motion.

Based upon the foregoing, the undersigned finds that Plaintiff failed to timely-file her Complaint. Therefore, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 9.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: November 2, 2011               /s/ *Elizabeth A. Preston Deavers*
                                     Elizabeth A. Preston Deavers
                                     United States Magistrate Judge